```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LEROY JOHNSON                              CIVIL ACTION

VERSUS                                     NO: 06-0914

CENAC TOWING INC., ET AL.                  SECTION: "R"(2)
```

### ORDER

Before the Court is defendant Cenac Towing's motion for approval of a supersedeas bond to cover this Court's December 28, 2006 Judgment entered in favor of plaintiff Leroy Johnson for $130,226.76. Concurrently, defendant moves for a stay of execution of the Judgment, pending the adjudication of defendant's appeal to the United States Court of Appeals for the Fifth Circuit. Defendant represents that it has obtained a supersedeas bond in the amount of $162,225.58 in compliance with Local Rule 62.2, which mandates that a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20 percent. (R. Doc. 71, Def.'s Ex. 1). Plaintiff does not challenge the validity of this bond, but rather opposes

both motions on the grounds that the appeal will be unsuccessful and that plaintiff will continue to incur damages pending the outcome of the appeal.

Plaintiff's arguments are plainly foreclosed by *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). In *Hebert*, the Fifth Circuit held that Federal Rule of Civil Procedure 62(d) "entitles a party appealing a money judgment to an *automatic stay* upon posting a supersedeas bond." 953 F.2d at 938 (emphasis added). That provision reads:

> (d) **Stay Upon Appeal**. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the Court.

Fed. Rule Civ. P. 62(d).[1] As plaintiff acknowledges in his opposition brief, *Hebert* remains good law in this circuit. The Court therefore APPROVES the posting of defendant's supersedeas bond and GRANTS defendant's motion to stay execution of the judgment pending adjudication of the appeal.

---

[1] It is undisputed that the exceptions in Rule 62(a) are inapplicable to this matter.

New Orleans, Louisiana, this  5th  day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE